UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHER DIVISION
ASHLAND

Eastern District of Kentucky
**F I L E D**
FEB 22 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**Civil Action No. 18-2-HRW**

**EDWARD P. GEARHART,**
*Individually* **and**
*On Behalf of Others Similarly Situated*,                                             **PLAINTIFF,**

v.                                    **MEMORANDUM OPINION AND ORDER**

**EXPRESS SCRIPTS, INC.,**                                                             **DEFENDANT.**

This matter is before the Court upon Defendant's Partial Motion to Dismiss [Docket No. 28]. The motion has been fully briefed by the parties [Docket Nos. 29 and 30]. For the reasons set forth herein, the Court will sustain the motion.

**I.**

Plaintiff Edward Gearhart filed this putative class action against Express Scripts claiming that Express Scripts charged him in excess of the statutory limit for a copy of his prescription records. In his Third Amended Complaint, Plaintiff alleges as follows: Express Scripts is a "pharmacy benefit management company." [Docket No. 27, Third Amended Complaint, ¶ 26]. A pharmacy benefit manager is a third-party administrator of prescription drug programs that acts as an intermediary between retail pharmacies and health benefits providers. *Id.* ¶¶ 23-24. Plaintiff, a Kentucky resident, alleges that he "requested his medical records, through his agent,

Jones Ward PLC, from Express Scripts." *Id.* ¶¶ 7, 22. In May 2014, as part of a products liability case in which Gearhart was a plaintiff, Jones Ward requested a copy of his prescription claims data from Express Scripts in its capacity as the pharmacy benefit manager for Plaintiff's health plan. *Id.* ¶¶ 22-24. In exchange for a $75 fee, Express Scripts compiled information from its database of claims it maintains for a "network of retail pharmacies" and provided Jones Ward with a report listing Plaintiff's various prescription claims. *Id.* Jones Ward, understanding that Express Scripts charged $75 for "processing" the detailed information from various pharmacies included in the report, paid the fee. *Id.* ¶¶ 22, 26. Plaintiff did not pay Express Scripts or Jones Ward for this statement of prescription pharmacy claims. *Id.* ¶¶ 22, 25.

Plaintiff then filed this lawsuit against Express Scripts, on behalf of a purported class of Kentucky citizens, for Express Scripts' alleged practice of overcharging customers who authorize a third party to request a copy of their prescription claims data on his or her behalf. The third iteration of his complaint alleges claims for violation of the Kentucky Consumer Protection Act, KRS § 367.170, *et seq.* (Count I), fraud (Count II), unjust enrichment (Count III), violation of Kentucky Health Records Law, KRS § 422.317(1) (Count IV), fraud under the Health Insurance Portal and Accountability Act ("HIPAA"), 45 C.F.R. § 160.103 (Count V), breach of contract (Count VI).[1]

Defendant seeks dismissal of Counts V and VI.

## II.

In scrutinizing a complaint under Rule 12(b)(6), the Court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir.2007). It must allege more

---

[1] Plaintiff includes two Count V's in the Third Amended Complaint, one alleging fraud and the other for declaratory judgment.

1

than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint will withstand a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A complaint has "facial plausibility" if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir.2009) (*quoting Iqbal*, 129 S.Ct. at 1949). The "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*,520 F.3d 516, 519 (6th Cir. 2008) (internal citation omitted).

### III.

### A. Count V fails to state a claim upon which relief can be granted.

In Count V, Plaintiff asserts a fraud claim based exclusively on an alleged HIPAA violation. However, HIPAA does not confer a private right of action on an individual. *See Young v. Carran*, 289 S.W.3d 586, 588 (Ky. App. 2008) (noting that "federal courts have uniformly held that HIPAA does not create a private cause of action"). Nor can Plaintiff circumvent well settled federal law by using HIPAA as a basis for a state law claim, which is precisely what Plaintiff attempts to achieve in Count V. *Id.* (citations omitted).

Plaintiff does not, and cannot, defend his claim. Although he tries to cast it as one intertwined with his allegations of violations of certain Kentucky statutes, it is clear that the fraud alleged in Count V relies solely upon an alleged violation of HIPAA. Therefore, there is no viable legal claim alleged in Count V and it must be dismissed.

**B. Count VI fails to state a claim upon which relief can be granted.**

In Count VI, Plaintiff asserts breach of contract.

To sufficiently claim for breach of contract under Kentucky law, plaintiff must establish "1) existence of a contract; 2) breach of that contract; and 3) damages flowing from the breach of contract." *Journey Acquisition-II, L.P. v. EQT Production Co.,* 39 F.Supp.3d 877, 887 (E.D. Ky. 2014).

Here, Plaintiff's claim for breach of contract fails at the first juncture; the Third Amended Complaint contains no factual allegations that plausibly suggest the existence of a contract. Although, Plaintiff states that a contract exists between Express Scripts and whomever requests their records, he does not identify any alleged contract, describe the terms of any alleged contract, or attach any alleged contract to his complaint. Plaintiff's conclusory allegations do not validly state a claim. "Conclusory assertions, *e.g.*, that...[the] defendants engaged in 'outrageous' and 'unlawful' behavior...are insufficient to state a claim that is plausible on its face." *Ogle v. Columbia Gas Transmission, LLC,* 513 Fed.Appx. 520, 522-523 (6th Cir. 2013).

Moreover, Plaintiff fails to point to any express provision of the contract that Express Scripts purportedly breached. Nor does Plaintiff indicate how Express Scripts breached any such provision. Indeed, the only obligation under the purported contract Plaintiff alleges is that Express Scripts "obligates itself to provide" records "in exchange for a flat fee of $75.00 or $90.00 for processing." [Docket No. 27 at ¶ 85]. Plaintiff has not alleged that Express Scripts breached this obligation. Indeed, Plaintiff concedes that he received "[t]he five pages of medical records." *Id.* ¶ 24. Which begs the question, where is the breach?

Plaintiff's failure to properly identify the existence and/or breach of a contract renders his claim implausible.

## IV.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss [Docket No. 28] be **SUSTAINED** and that Count V and Count VI of the Third Amended Complaint be **DISMISSED WITH PREJUDICE**.

This is an **INTERLOCUTORY** and **NON-APPEALABLE ORDER**.

February 22, 2015.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

4